IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOE H. BRYANT, JR.                                                        PLAINTIFF

VS.                                       CAUSE NO. 3:05cv179TSL

                                          4:06cv11
MILITARY DEPARTMENT OF THE                4:06cv12
STATE OF MISSISSIPPI, By and Through      4:06cv13
the Mississippi Air National Guard; FRANKLIN E.
CHALK, FREDERICK D. FEINSTEIN, ROY A.
GRAHAM, BILLY JOE GRESSETT, DONALD E.
JONES, LANGFORD L. KNIGHT, F. GREGORY
MALTA, WILLIAM F. PARTEN, ROBERT E.
PIERCE, ROGER E. SHIRLEY, CHARLES F. STEED,
AARON K. WILSON and THOMAS TEMPLE; and
JOHN DOES 1-20                                                         DEFENDANTS

**ORDER GRANTING PLAINTIFF'S MOTIONS TO STAY
ALL STATE COURT PROCEEDINGS,
FOR PERMANENT INJUNCTION,
TO CONSOLIDATE ALL PROCEEDINGS,
AND TO STAY ALL DISCOVERY**

THIS DAY, THIS CAUSE, came on to be heard upon the Plaintiff's Motion to Stay State Court Proceedings and for Permanent Injunction and his Motions to Consolidate All Proceedings now pending before this Court, pursuant to the *All Writs Act*, 28 U.S.C. Section 1651, the *Anti-Injunction Act*, 28 U.S.C. Section 2283, and Rule 42 of the *Federal Rules of Civil Procedure*. Further, the Plaintiff requested that, due to the multiplicity of proceedings and the danger of piecemeal adjudication of proceedings in this case and those referenced below, the Court should stay all discovery and operation of the Case Management Order entered in this action. These Motions are submitted in

accordance with Rule 7.2 of the *Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi*, along with supporting Memorandum of Authorities, in accordance with Rule 7.1 of the *Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi*. Since the electronic filing of these Motions and the Memoranda, on March 10 and 13, 2006, the Defendants, and all of them, have failed or refused to respond to said Motions, as required by Rule 7.2. [Docket entries Nos. 109, 110, and 111.] Therefore, the subject Motions are ripe for adjudication, and inasmuch as there is no opposition, the Motions are hereby granted, based upon the following:

On March 17, 2005, Plaintiff filed his Complaint in this action and specifically alleged violations of Plaintiff's civil rights under the *First Amendment* to the *United States Constitution*, as well as under 42 U.S.C. Sections 1983, 1985 and 1986. Further, the Plaintiff stated that his actions of engaging in "protective communication" with the Inspector General of the United States Air Force, under 10 U.S.C. Section 1034, commonly known as the *Military Whistleblower Protection Act*, further established Plaintiff's rights and privileges under the aforesaid civil rights statutes. [Complaint, Paragraph No. 1.]

On August 15, 2005, this Court issued its Memorandum Opinion and Order (which was subsequently corrected on August 26, 2005) which denied, in part, the Defendants' initial Motion to Dismiss. A subsequent attempt by the Defendants to dismiss the action

has been denied by this Court, on or about December 13, 2005. [Docket entry No. 86.] Since the ruling by this Court has been entered, several of the Defendants have instituted multiple lawsuits against the Plaintiff, and the Plaintiff contends that such lawsuits are interposed for the purposes of harassing and intimidating the Plaintiff. Further, the Plaintiff submits to this Court that these Defendants have likewise sought to circumvent the pervasive and original jurisdiction of this Court by instituting such a litany of civil suits against the Plaintiff. Finally, the Plaintiff submits that this Court's aforesaid orders and judgments are subject to collateral attack and inconsistent application by the multiplicity of the proceedings mounted by these Defendants.

These lawsuits include, but are not limited to, the following:

(a) *Malta v. Riverstates Publishing, et al*; Civil Action No. 4:06CV11TSL;

(b) *Malta v. Bryant, et al.*, in the Circuit Court of Lauderdale County, Mississippi, Case No. 04CV262B;

(c) *Pierce v. Bryant,* Civil Action No. 4:06CV6TSL;

(d) *Wilson v. CNH Investments*, Civil Action No. 4:06CV12TSL; and

(e) *Chalk v. Bryant*, Civil Action No. 4:06CV13TSL.

3

As noted above, the subject matter of this very same litigation is at issue in other suits, which this Court justifiably considers for consolidation, for atleast discovery purposes, including: *Bryant v. Military Department of the State of Mississippi*, Civil Action No. 3:05CV179TSL; *Pierce v. Clarion-Ledger*, Civil Action No. 4:05CV75TSL; and *Pierce v. Air Force*, Civil Action No. 3:05CV0215. Indeed, other state court proceedings involving all of the same parties should be brought to this Court, in accordance with the aforesaid provisions of the *All Writs Act*, so as to protect the consistency and integrity of this Court's orders and judgments, including *Wilkes v. Bryant*, in the Circuit Court of Lauderdale County, Mississippi, Case No. 05 CV 067; *Chalk, et al. v. Bryant*, in the Circuit Court of Lauderdale County, Mississippi, Case No. 03CV094CR; and *Temple v. Bryant*, in the Circuit Court of Lauderdale County, Mississippi, Case No. 04-CV-273B.

Pending before this same Court are Motions similar to the one *sub judice*, which were filed in cases which have been removed from the state courts of Mississippi, pursuant to 28 U.S.C. Section 1441, *et seq*. As set forth in the various removal notices, the actions brought against Plaintiff Bryant, arise out of and have the very same genesis in the facts and circumstances that are at issue in this case. Therefore, jurisdiction vests with this Court, in accordance with 28 U.S.C. Section 1331, *All Writs Act*, 28 U.S.C. Section 1651, the *Anti-Injunction Act*, 28 U.S.C. Section 2283, and Rule 42 of the *Federal Rules of Civil Procedure*.

As further set forth above and in those Notices of Removal, currently pending

before this Court is this civil action styled: "Bryant vs. Military Department of the State of Mississippi, et al; In the United States District Court for the Southern District of Mississippi, Jackson Division; Civil Action No. 3:05cv179-TSL," (hereinafter sometimes referred to as the "Bryant" case or lawsuit). In this case, this Court has rendered aforesaid two decisions, establishing this Court's jurisdiction and the case's federal law basis, including violations of Bryant's rights and privileges under the *First Amendment* to the *United States Constitution*, 42 U.S.C. Section 1985 and related federal statutes, as well as other state pendent law claims.

In this case, this Court has heretofore issued judgments and orders establishing the providence of this Court's jurisdiction over these matters. This motion therefore is brought to secure, protect and aid in this Court's exercise of its jurisdiction of all matters touching upon and concerning the underlying transactions or occurrences common to these civil actions.

In the cases filed by the various Defendants, as set forth above, they seek relief based upon the same or similar transactions and occurrences, as are at issue in Bryant's civil action. Moreover, Bryant further states unto this Court that such claims brought by these certain Defendants should be considered in the nature of compulsory counterclaims, in accordance with Rule 13(a) of the *Federal Rules of Civil Procedure*. This Court is likewise advised and understands that these same Defendants have heretofore brought another lawsuit against Bryant, all rising out of the same transactions or occurrences, as

5

set forth herein, which lawsuit is styled: *Chalk, et al. [Wilson] vs. Bryant, et al.*; in the Circuit Court of Lauderdale County, Mississippi, Case No. 03-CV-094(R)(which has previously been dismissed with prejudice).

As clearly set forth in pleadings in these cases, all of the occurrences, which give rise to these lawsuits, have their genesis in the investigation and related conduct and activities regarding the 186th Refueling Wing at Key Field in Meridian, Mississippi. Similarly, Bryant's claims in this action establish that the conduct and actions of the certain Defendants are in retaliation for Bryant's activities relative to the investigation of the 186th Refueling Wing at Key Field.

Pursuant to Rule 42 of the *Federal Rules of Civil Procedure*, and Rule 42.1 of the *Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi*, all of these actions should be consolidated with Bryant's case, Civil Action No. 3:05CV179TSL, and that Defendants' complaints should be deemed compulsory counterclaims to that action. Such a consolidation would serve the interest of judicial economy and would further promote consistent and effect adjudication of the common issues of fact existing in these cases.

In light of the multiplicity of the proceedings brought by the certain Defendants against Bryant and in order to more efficiently and effectively proceed with all of the claims and defenses of all parties concerned, this Court finds that the terms of Case

6

Management Order, entered in this action, as well as all discovery be stayed, pending the holding of a new Case Management Conference, in accordance with Rule 16.1 of the *Uniform Local Rules*. The only remand motion is that one pending in Defendant Pierce's case against Bryant (Civil Action No. 4:06CV6TSL), and it is hereby denied. The parties are therefore instructed that a new Case Management and Scheduling Order will be entered, after the requisite conference, in accordance with Rule 16.1 of the *Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi*.

IT IS, THEREFORE ORDER AND ADJUDGED that the subject Motions of the Plaintiff, Bryant, be and they are hereby granted and the following relief is hereby ordered:

(1) the Circuits Court of Lauderdale and Newton Counties, as well as any other state courts of Mississippi, are hereby enjoined from any and all further proceedings therein, as such proceedings pertain to Bryant and any of the other named parties herein.

(2) A permanent injunction is hereby issued to all parties herein, prohibiting them from engaging in further proceedings against Joe H. Bryant, Jr., in the state court's of Mississippi, with respect to the common factual issues regarding the investigation and subsequent conduct and activities relative to the 186th Refueling Wing at Key Field in Meridian, Mississippi;

7

(3) All pending civil actions, so involving the same transactions or occurrences, with this case now pending before this Court, are consolidated with that action styled specifically as "Bryant vs. Military Department of the State of Mississippi, et al; In the United States District Court for the Southern District of Mississippi, Jackson Division; Civil Action 3:05CV179TSL;"

(4) Any and all civil actions filed by the certain named Defendants are hereby deemed as compulsory counterclaims to this proceeding;

(5) All other civil actions brought by the Defendants against Bryant, which are or may be pending, are to be removed to this Court and joined with this proceeding, which in any manner arise out of the same transactions or occurrences of the investigations and resulting conduct of the 186th Refueling Wing at Key Field in Meridian, Mississippi;

(6) The operation of all discovery and the provisions of the current Case Management Order in this action are hereby stayed, pending the holding of a new Rule 16.1 Case Management Conference, regarding all of the subject parties and civil actions, so as to avoid piecemeal proceedings in all of these referenced cases; and

(7) Any of the Defendants, who have filed or expect to file additional multiple proceedings, to notify this Court and all counsel of such actions forthwith

SO ORDERED AND ADJUDGED this the 4th day of April, 2006.

/s/ Tom S. Lee<br>UNITED STATES DISTRICT COURT JUDGE

Presented to the Court by:
  /s/ Paul A. Koerber
Paul A. Koerber, MSB#4239
301 Highland Park Cove, Ste C
Post Office Box 12805
Jackson, MS  39236-2805
Telephone: 601-956-0072

9