```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                     EASTERN DIVISION
```

ROBERT EARL PIERCE                                        PLAINTIFF

VS.                                       CIVIL ACTION NO. 4:06CV6LS

JOE H. BRYANT                                            DEFENDANT

### MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiff Robert Earl Pierce to remand pursuant to 28 U.S.C. § 1447. Defendant Joe H. Bryant has responded in opposition to the motion and the court, having considered the memoranda of authorities submitted by the parties, concludes that plaintiff's motion should be granted.

Plaintiff Robert Pierce filed this action in state court against Joe Bryant seeking to recover damages for mental anguish alleged to have resulted from Bryant's disclosure to the news media (which subsequently published newspaper articles concerning) a report by the Inspector General of the Department of the Air Force of the results of his investigation into alleged wrongdoing by Pierce and other members of the Mississippi Air National Guard assigned to the 186th Refueling Wing, Key Field, Meridian, Mississippi. In his complaint, Pierce alleges that "due to the highly personal nature of the information in the report, the SROI

was a personnel document covered by the federal Privacy Act," and that, "[b]ased on the expectations created by the Privacy Act, the plaintiff had every reasonable belief and expectation that nothing contained in the summary report would be made public," and yet "contrary to plaintiff's right to keep those facts private," Bryant gave a copy of the report to the news media and thereby violated plaintiff's right to privacy.

Bryant removed the case pursuant to 28 U.S.C. § 1446 on the basis of federal question jurisdiction, contending that since plaintiff "specifically pleads for relief under the 'federal Privacy Act,'" 5 U.S.C. § 552a, plaintiff's complaint arises under federal law, thus giving rise to federal jurisdiction under 28 U.S.C. § 1331.[1]

In his motion to remand, plaintiff insists that he did not allege in his complaint a violation of the federal Privacy Act, and in fact, recognized that he could not have asserted such a claim, given that the Act does not allow for any private cause of

---

[1] Bryant also contends in his notice of removal that the court may exercise "plenary" jurisdiction over Pierce's claims under the All Writs Act, 28 U.S.C. § 1651, since this court already has pending before it a suit by Bryant against Pierce and others which he contends arises out of the same transaction or occurrence as Pierce's claims herein. However, the All Writs Act does not create jurisdiction, Regions Bank of La. v. Rivet, 224 F.3d 483, 493 (5th Cir. 2000), and thus does not provide a basis for removal.

action for its violation.[2] Having reviewed the complaint, it does not appear that plaintiff affirmatively pled a claim for relief under the federal Privacy Act; rather, he merely identified the federal Privacy Act as the source of his alleged reasonable expectation that the Inspector General's report of investigation would be kept private.

As plaintiff has not pled a claim for relief under federal law, contrary to the representation in the notice of removal, the court concludes the case should be remanded.[3]

---

[2]  A conclusion that a plaintiff has asserted a claim for violation of federal law does not require a finding that the plaintiff has or could state a viable claim for relief under federal law.  This plaintiff's point appears to be that he never intended to state a claim under federal law and in fact knew that he could not do so.

[3]  Even where a plaintiff's "well pleaded" complaint does not state a claim for violation of federal law, it may present a substantial federal question that will give rise to federal question jurisdiction. See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 125 S. Ct. 2363, 2367, 162 L. Ed. 2d 257 (2005) (stating that "in certain cases federal question jurisdiction will lie over state-law claims that implicate significant federal issues").  Here, however, Bryant did not contend in his notice of removal or in his response to plaintiff's motion that plaintiff's complaint presents a substantial federal question, and it is not otherwise apparent that it does so.  See id. at 2368 (explaining that "a 'substantial' federal question involves the interpretation of a federal statute that actually is in dispute in the litigation and is so important that it 'sensibly belongs in federal court'"); see also id. (emphasizing that "the presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive; there must always be an assessment of any disruptive portent in exercising federal jurisdiction"); see also Eastman v. Marine Mechanical Corp., 438 F.3d 544, 552 (6th Cir. 2006) (same).

Accordingly, it is ordered that plaintiff's motion to remand is granted.

SO ORDERED this 31st day of May, 2006.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE